**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

KEITH TERRELL BUTLER,
                             Plaintiff,

v.                                  No. 08-CV-264
                                   (GLS/DRH)

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES; J. HOGUE,
Correction Officer, Upstate Correctional
Facility; and J. HYDE, Correction Officer,
Upstate Correctional Facility,
                             Defendants.

---

**APPEARANCES:**                          **OF COUNSEL:**

KEITH TERRELL BUTLER
05-A-1392
Attica Correctional Facility
Post Office Box 149
Attica, New York 14011

HON. ANDREW M. CUOMO           ADELE M. TAYLOR-SCOTT, ESQ.
Attorney General for the              Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

   Plaintiff pro se Keith Terrell Butler ("Butler"), an inmate in the custody of the New York

State Department of Correctional Services ("DOCS"), brings this action pursuant to 42

U.S.C. § 1983 alleging that defendants, two DOCS employees as well as DOCS itself,

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

violated his constitutional rights under the First, Eighth, and Fourteenth Amendments. Compl. (Docket No. 1). Presently pending is defendants' motion to dismiss defendant DOCS pursuant to Fed. R. Civ. P. 12(b)(1). Docket No. 10. Butler opposes the motion. Docket No. 17. For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

The facts are related herein in the light most favorable to Butler as the non-moving party. See subsection II(A) infra.

At all relevant times, Butler was incarcerated at Upstate Correctional Facility ("Upstate"). Compl. ¶ 2. On November 7, 2007, defendant Hyde served Butler a kosher meal which was infested with little black bugs. Id. ¶ 6. Defendant Hogue made a joke about the bugs and then began laughing with Hyde. Id. This action followed.

## II. Discussion

In his complaint, Butler alleges that defendants served him an insect-infested religious meal. Defendants move to dismiss DOCS on the grounds that (1) DOCS is not considered a person for purposes of a § 1983 claim, and (2) the Eleventh Amendment bars suit against DOCS.

### A. Legal Standard

"The standard for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction

is substantively identical to the 12(b)(6) standard, except that the plaintiff has the burden of establishing jurisdiction in a 12(b)(1) motion." S & R Dev. Estates, LLC v. Bass, No. 07-CV-11112 (WCC), 2008 WL 4525777, at *8 (S.D.N.Y. Sept. 26, 2008); see also Lerner v. Fleet Bank, N.A., 318 F.3d 113, 128 (2d Cir. 2003). Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

When, as here, a party seeks dismissal or summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, ... a court is obliged to construe his pleadings liberally.'" (citations omitted)). However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48.

### B. Eleventh Amendment

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall

3

not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)). Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. Halderman, 465 U.S. at 100. Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979).

"Agencies of the state, such as DOCS, are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest." Santiago v. New York State Dep't of Corr. Servs., 945 F.2d 25, 28 n.1 (2d Cir. 1991) (citing Halderman, 465 U.S. at 100). Thus, Butler's claims against DOCS are barred by application of the Eleventh Amendment. Additionally, "this court has held that DOCS is not a 'person' under § 1983 [and c]onsequently, because defendant DOCS is immune from suit under the Eleventh Amendment[,] defendants' motion to dismiss plaintiff's claims against DOCS must be granted." Boddie v. New York State Dep't of Corr. Serv., No. 96-CV-3291 (HB),1997 WL 482036, at *1 (S.D.N.Y. Aug. 20, 1997) (internal citations omitted).

4

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss as to defendant DOCS (Docket No.10) be **GRANTED** in all respects and that the complaint be **DISMISSED** as to defendant DOCS as to all claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  October 22, 2008
        Albany, New York

_David R. Homer_
United States Magistrate Judge