**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

KEITH TERRELL BUTLER,
                              Plaintiff,

    v.                                            No. 08-CV-264
                                                      (GLS/DRH)

J. HOGUE, Correction Officer, Upstate
Correctional Facility; and J. HYDE, Correction
Officer, Upstate Correctional Facility,

                              Defendants.

---

**APPEARANCES:**                             **OF COUNSEL:**

KEITH TERRELL BUTLER
Plaintiff Pro Se
05-A-1392
Elmira Correctional Facility
Post Office Box 500
Elmira, New York 14902

HON. ANDREW M. CUOMO             ADELE M. TAYLOR-SCOTT, ESQ.
Attorney General for the                 Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Keith Terrell Butler ("Butler"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, two DOCS employees, violated his constitutional

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

rights under the First, Eighth, and Fourteenth Amendments[2]. Compl. (Dkt. No. 1). Presently pending are (1) Butler's motion for summary judgment pursuant to Fed. R. Civ. P. 56 (Dkt. No. 36), and (2) defendants' cross-motion for judgement on the pleadings pursuant to Fed. R. Civ. P. 12(c) (Dkt. No. 40). Butler has also requested to amend his Statement of Material Facts.[3] Dkt. No. 44. For the following reasons, it is recommended that Butler's motions be denied and that, converted to a motion for summary judgement, defendants'

---

[2] It is unclear how Butler determined that his Fourteenth Amendment rights have been violated. Liberally construing the complaint, however, such contentions are meritless. To establish a protected liberty interest, a prisoner must satisfy the standard set forth in Sandin v. Conner, 515 U.S. 472, 483-84 (1995). This standard requires a prisoner to establish that the confinement or condition was atypical and significant in relation to ordinary prison life. See Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir.1999); Frazier v. Coughlin, 81 F.3d 313, 317 (2d Cir.1996). While deprivations of meals may result in a due process violation, in the current case, as discussed *infra*, Butler's deprivation was only *de minimis*. See Ross v. Coughlin, 669 F. Supp. 1235, 1241-42 (S.D.N.Y. 1987) (stating that a prison's refusal to "provide dietary laws that would not violate kosher requirements . . . " in contravention of their duty to provide inmates with a sufficient diet could result in possible due process violations). Such deprivations, being *de minimis*, fail to fulfill the requirements of the Sandin test, and thus, are not actionable.

Additionally, to the extent Butler claims that his Equal Protection rights were violated, such contentions are also meritless. Essential to that protection is the guarantee that similarly situated persons be treated equally. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). In order to establish an equal protection violation, the plaintiff must show that "he was treated differently than others similarly situated as the result of intentional or purposeful discrimination." Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005). Butler has failed to demonstrate, or even allege facts which establish, that he was treated differently than anyone else, or that he was treated differently based upon intentional and purposeful discrimination. All that is proffered are conclusory allegations, which are insufficient to state a claim on this ground. Accordingly, defendants should be granted judgment on all claims asserted under the Fourteenth Amendment.

[3] As the Statement of Material facts is merely a recitation of the papers submitted in support of a motion for summary judgment, amendment of such is unnecessary as the Court has read and relied upon the actual exhibits upon which the Statement is based. See N.D.N.Y.L.R. 7.1(a)(3) ("The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits."). Accordingly, Butler's motion to amend his Statement is denied.

cross-motion be granted.

## I. Background

The facts are related herein in the light most favorable to Butler.

At all relevant times, Butler was incarcerated at Upstate Correctional Facility ("Upstate"). Compl. ¶ 2. On November 7, 2007, defendant Hyde, a corrections officer, served Butler a kosher meal which was infested with little black bugs. Id. ¶ 6. Defendant Hogue, another corrections officer, made a joke about the bugs and then began laughing with Hyde. Id. On November 8, 2007, Hyde served Butler kosher soup, which had two pen holes in the cup. Dkt. No. 36 at 22. Hyde refused to give him a new cup of soup. Id. at 22.

Butler filed a grievance on November 15, 2007 concerning his insect-contaminated soup. Dkt. No. 36 at 23. The grievance was denied by the superintendent as "no evidence was found to support [Butler's] . . . allegations . . . ." Id. at 23. The grievance was appealed, and affirmed by the Central Office Review Committee, again noting that there was "no indication that [Butler's] soup was contaminated or tampered with . . . ." Id. at 25. Additionally, during November and December of 2007, Butler authored multiple letters regarding the events of November 7 and 8. Id. at 31 (letter to Inspector General), 32 (letter to rabbi concerning the events of November 7), 35 (letter to New York State Police regarding the events of November 7), 38 (letter to Food Administration Services regarding events of November 7), 39 (letter to Inmate Grievance Program regarding prior grievances and the events of November 7).

Two days after receiving the contaminated meal, Butler went to sick call complaining of

a sore throat. Dkt. No. 36 at 16. He was examined and noted to have no indication for treatment, no patches, and no swelling. Id. Butler was scheduled to see a physician for complaints of a chronic sore throat. Id. From November 20, 2007 until November 30, 2007, Butler was seen by medical staff with complaints of a sore throat six times. Id. at 12-14. Butler was continually told to gargle with salt water, given medication to lessen his symptoms, told to increase his level of hydration, and rest his voice. Id. at 12-14. This action followed.

## II. Discussion

Butler moves for summary judgment based upon the fact that defendants served him an insect-infested religious meal and a soup cup with holes in it. Defendants move for judgment on the pleadings on the grounds that (1) the failure to provide two religious meals fails to establish a First Amendment violation and (2) defendants' alleged obnoxious or demeaning comments were insufficient to sustain a § 1983 claim.

### A. Legal Standard

In this case, in response to Butler's motion for summary judgment, defendants filed a motion for judgment on the pleadings. At the close of the pleadings, a request for dismissal for failure to state a claim may be brought as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). See generally Maggette v. Dalsheim, 709 F.2d 800, 801 (2d Cir. 1983)). "The test for evaluating a 12(c) motion is the same as that applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Irish Lesbian & Gay Org. v. Giuliani, 143

F.3d 638, 644 (2d Cir. 1998); Burke v. New York, 25 F. Supp. 2d 97, 99 (N.D.N.Y. 1998) (Munson, J.). On a motion under Rule 12(c), a determination must be made based solely on the allegations of the complaint and answer and any documents necessarily incorporated therein by reference. See Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006).

Butler has submitted various documents outside the pleadings in support of his motion, seeking summary judgment. Those documents have been referenced by defendants and considered by the Court. Thus, since defendants' motion has moved beyond consideration of the complaint and answer, that motion must be converted to one for summary judgment. Cleveland, 448 F.3d at 521 ("A court may indeed convert a motion for judgment on the pleadings into a motion for summary judgment if matters outside the pleadings are presented to and not excluded by the court.") (internal quotation marks and citation omitted). Generally, a district court should give parties specific notice of its intent to convert a motion to dismiss into a motion for summary judgment unless "the appellant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment . . . ." See e.g., In re G.&A. Books, Inc., 770 F.2d 288, 295 (2d Cir. 1985). For example "where only the party moving . . . has submitted extrinsic material . . . the opposing party may be deemed to have had adequate notice that the motion . . . would be converted." Id. (citations omitted). In this case, defendants received Butler's motion six weeks before they filed their own. See Dkt. Sheet. Butler's motion was titled and docketed as a motion to dismiss and it included extrinsic evidence as exhibits. Thus, defendants were fully aware of the potential for the Court to convert the motion, and should have reasonably expected as much.

5

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

When, as here, a party seeks dismissal or summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, ... a court is obliged to construe his pleadings liberally.'" (citations omitted)). However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion;

the requirement is that there be no genuine issue of material fact.  Anderson, 477 U.S. at 247-48.

## B. First Amendment

Butler alleges that his First Amendment right to the free exercise of his religion was violated when defendants failed to provide him with two individual kosher meals for two days.

"The First Amendment . . . guarantees the right to the free exercise of religion." Johnson v. Guiffere, No. 04-CV-57 (DNH), 2007 WL 3046703, at *4 (N.D.N.Y. Oct. 17, 2007) (citing Cutter v. Wilkinson, 544 U.S. 709, 719 (2005).  "Prisoners have long been understood to retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause." Ford v. McGinnis, 352 F.3d 582, 588 (2d Cir. 2003) (citing Pell v. Procunier, 417 U.S. 817, 822 (1974)).   This right "is not absolute or unbridled, and is subject to valid penological concerns . . . ." Johnson, 2007 WL 3046703, at * 4.

The Free Exercise Clause extends "into other aspects of prison life including . . . that of an inmate's diet . . . ." Id.  The Second Circuit has held that it is "clearly established that a prisoner has a right to a diet consistent with his or her religious scruples . . . ." Ford, 352 F.3d at 597 (citations omitted).  Therefore, to "deny prison inmates the provision of food that satisfies the dictates of their faith . . . unconstitutionally burden[s] their free exercise rights." McEachin v. McGuinnis, 357 F.3d 197, 203 (2d Cir. 2004).

> A party asserting a free exercise claim bears the initial burden of establishing that the disputed conduct infringes on his or her sincerely held religious beliefs. . . . [T]he burden then shifts to the defendant to identify a legitimate penological purpose justifying the decision . . .

7

> [and i]n the event such a[n] interest is articulated, its reasonableness is then subject to analysis under . . . Turner . . . .

Johnson, 2007 WL 3046703, at * 4-5 (citations omitted).

In this case, defendants do not argue the sincerity of Butler's religious beliefs. Subscription to a kosher diet constitutes a material tenet of religion consistently found entitled to protection under the Free Exercise Clause. See, e.g., Jackson v. Mann, 196 F.3d 316, 320-21 (2d Cir. 1999) (denying government's motion for summary judgment on claim for denial of kosher meals for Jewish prisoner because, inter alia, prisoners are "entitled to a reasonable accommodation of [their] religious beliefs . . . includ[ing their] religious dietary beliefs . . . [mandating] prison officials [to] provide a prisoner a diet that is consistent with his religious scruples.") (internal quotations and citations omitted).  However, "[t]here may be inconveniences so trivial that they are most properly ignored . . . [thus] the time-honored maxim *de minimis non curat lex*[4] applies." McEachin v. McGuinnis, 357 F.3d 197, 203 n.6 (2d Cir. 2004); see also Rapier v. Harris, 172 F.3d 999, 1006 n.6 (7th Cir. 1999) ("De minimis burdens on the free exercise of religion are not of constitutional dimension.")

In this case, there are no allegations, nor would the record support conclusions, that defendants' actions precluded Butler from receiving kosher meals. Butler's allegations state that on November 7 one meal was infested with bugs and that on November 8 his meal was delivered in a tampered soup cup. Thus, he contends that two of his six meals over two consecutive days were inadequate. He makes no proffer that he missed other meals on those two days, that he regularly received meals which had been compromised, or that

---

[4]This phrase translates as "the law does not concern itself with trifles." Gottlieb Dev. LLC v. Paramount Pictures Corp., 590 F. Supp. 2d 625, 632 (S.D.N.Y. 2008).

8

there was a routine or blanket practice of giving him inadequate meals.

Such isolated events in the context of regular daily meals constitute a *de minimis* interference with Butler's First Amendment rights. Such interference fails to support a First Amendment claim as a matter of law. See Ford v. McGinnis, 352 F.3d 582, 594 n.12 (2d Cir. 2003) (holding that a meal associated with a large religious feast "is unique in its importance within [the religion] to distinguish the present case from those in which the mere inability to provide a small number of meals commensurate with a prisoner's religious dietary restrictions was found to be a de minimis burden) (citations omitted); Rapier v. Harris, 172 F.3d at 1006 n.4 (affirming summary judgment because "the unavailability of a non-pork tray . . . at three meals out of 810 does not constitute more than a de minimis burden . . . [as there] has [been] no[] alleg[ation of] a routine or blanket practice of denying him pork-free meals."); Evans v. Albany County Corr. Facility, No. 05-CV-1400, 2009 WL 1401645, at *8 (N.D.N.Y. May 14, 2009) (holding that providing one wrong meal a week for approximately eighteen weeks was *de minimis*); Tafari v. Annets, No. 06-CV-11360 (GBD/AJP), 2008 WL 2413995, at * 17 (S.D.N.Y. June 12, 2008) (denial of kosher meals on four occasions over a multiple year period constitutes a de minimis burden on plaintiff's religious beliefs); Thomas v. Picio, No. 04-CV-3174, 2008 WL 820740, at *6 n.8 (S.D.N.Y. March 26, 2008) (finding that the denial of all kosher meals for one or two days was "not a substantial burden" which was actionable). Much like Thomas, Butler was denied two out of six meals in a two day period, with no other complaints of meal problems before, or after, during his tenure at Upstate. Such complications resulted in a *de minimis* burden on Butler's religious practice. As such, he has failed to state a First Amendment claim.

Accordingly, defendants' motion as to this claim should be granted.

9

### B.  Eighth Amendment[5]

The Eighth Amendment explicitly prohibits the infliction of "cruel and unusual punishment."  U.S. Const. amend. VIII. However, allegations of verbal harassment alone, without physical injury, are not actionable pursuant to § 1983.  See Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1996) ("The claim that a prison guard called Purcell names also did not allege any appreciable injury and was properly dismissed."); Shabazz v. Pico, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) ("[V]erbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem does not constitute the violation of any federally protected right and therefore is not actionable under . . . § 1983.").

Accordingly, even if Hogue made jokes about the bugs in Butler's meals, such comments, while distasteful and cruel, are insufficient to state a claim.  Butler has failed to make any allegations of a physical injury.  Thus, he has not been subjected to cruel and unusual punishment and defendants should be granted judgment on these claims.

---

[5] To the extent Butler attempts to allege that his Eighth Amendment rights to medical treatment were violated, such claims are meritless.  A prisoner advancing an Eighth Amendment claim for denial of medical care must allege and prove deliberate indifference to a serious medical need.  Wilson v. Seiter, 501 U.S. 294, 297 (1991); Hathaway, 37 F.3d at 66.  First, Butler has failed to name any medical personnel as defendants or established how either defendant caused or contributed to his medical need.  Second, allegations of a sore throat, and nothing more, are insufficient to establish a serious medical need.  See Griffin v. DeRobertis, 557 F. Supp. 302, 306 (N.D. Ill. 1983) (holding that complaints of aches and a sore throat alone fail to satisfy the objective prong, but "becom[ing] ill to the point of spitting up blood," elevate the symptoms into the category of serious medical need).  Third, the submitted medical records show that Butler was persistently treated for his chronic sore throats.  In ten days he saw medical personnel and received medical treatment six times. Dkt. 36 at 12-14.  Such actions belie any claims of deliberate indifference.  Accordingly, any such claims would fail to satisfy the requirements for such an Eighth Amendment claim.

See Carlson v. Parry, No. 06-CV-6621P, 2007 WL 1112702, at *1 (W.D.N.Y. Apr. 9, 2007) ("Plaintiff makes no allegation of any physical injury whatsoever arising out of the incidents described in the complaint, and therefore his complaint does not allege a violation of his right to be free from cruel and unusual punishment.").

Therefore, defendants' motion should be granted on this ground.

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that:

    1.  Butler's motion for summary judgment (Dkt. No. 36) be **DENIED**; and

    2.  Defendants' cross-motion for summary judgment (Dkt. No.40) be **GRANTED** in all respects and judgment be entered for both defendants on all claims; and

**IT IS ORDERED** that Butler's motion to amend his Statement of Facts (Dkt. No. 44) is **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  February 4, 2010
        Albany, New York

_David R. Homer_
United States Magistrate Judge