UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEITH TERRELL BUTLER,

                  **Plaintiff,**               9:08-cv-264
                                                              (GLS/DRH)
              **v.**

**J. HOGUE,** Correction Officer, Upstate Correctional Facility; and **J. HYDE,** Correction Officer, Upstate Correctional Facility,

                  **Defendants.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**

KEITH TERRELL BUTLER
Pro Se
05-A-1392
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

**FOR THE DEFENDANTS:**

HON. ANDREW M. CUOMO        ADELE M. TAYLOR-SCOTT
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**District Court Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. Introduction**

Plaintiff Keith Terrell Butler, an inmate at Clinton Correctional Facility, brings this action under 42 U.S.C. § 1983 against defendants J. Hogue and J. Hyde. (Compl., Dkt. No. 1.) Butler alleges that during his incarceration at Upstate Correctional Facility, Hyde and Hogue violated his First, Eighth, and Fourteenth Amendment rights by serving Butler a contaminated kosher meal on one occasion and soup in a defective container the following day. (*Id.*; *see also* Pl. Objections, Dkt. No. 48.) Butler moved for summary judgment and Hogue and Hyde cross-moved for judgment on the pleadings. (Dkt. Nos. 36, 40.) On February 4, 2010, Magistrate Judge David R. Homer issued a Report and Recommendation Order (R&R) recommending that Butler's motion be denied, that Hogue and Hyde's cross-motion for judgment on the pleadings be converted into a cross-motion for summary judgment, and that the cross-motion be granted, dismissing Butler's complaint in its entirety. (Dkt. No. 46.) Pending are Butler's objections to the R&R. (Dkt. No. 48.) For the reasons that follow, the R&R is adopted in its entirety.

**II. Standard of Review**

2

Before entering final judgment, this court routinely reviews all report-recommendations in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error. *See id.*

### III. Discussion

Based on Bulter's submission of various documents outside the pleadings in support of his summary judgment motion and defendants' consequent reference to and reliance on those documents, Judge Homer recommended that Hogue and Hyde's Rule 12(c) cross-motion to dismiss be converted into a motion for summary judgment. (*See* R&R at 5, Dkt. No. 46.) Hogue and Hyde raise no objections to the R&R or the conversion of their motion. The court finds no error in this conversion.

Butler raises no objection to Judge Homer's conclusion that any infringement on his First Amendment rights was de minimis and that

3

Butler's complaint therefore fails to state any First Amendment claim as to which relief can be granted. (*Id.* at 7-9.) The court concurs in that conclusion. Butler also does not protest the denial of his motion to amend his statement of material facts. (*Id.* at 2 n.3.) Because no reason was given for the request, the court affirms the denial of the motion.

Construing Butler's objections liberally, they specifically challenge Judge Homer's conclusion that his Eighth and Fourteenth Amendment rights were not violated. Consequently, those conclusions must be reviewed de novo. Insofar as the court can consider the challenges without straying too far from the documents provided prior to the filing of the objections, Butler's arguments are without merit. The objections themselves contain new information relating to Butler's medical condition of diabetes, previously unmentioned and not suggested by the submissions, which this court declines to consider for the first time at this late stage. (*See* Pl. Objections at 2, Dkt. No. 48.) Although a district court has the option to "receive further evidence" when reviewing a magistrate judge's report and recommendation de novo, the court will not do so unless the presenting party offers a sufficient justification for admission. FED. R. CIV. P. 72(b)(3); *see Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1999)

4

("[W]e have upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's de novo review." (italics omitted)).  Plaintiff has offered no justification for the delay in presenting this evidence and thus the court declines to consider this new claim.

Butler raises other additional, and more recent, allegations in his objections.  He claims, for example, that he has been retaliated against, that his legal files were stolen, and that he was beaten by correction officers on December 30, 2009.  (*See* Pl. Objections at 2-3, Dkt. No. 48.)  Again, these claims are beyond the scope of the present cause of action and will not be addressed here.

### A.     **Fourteenth Amendment Claims**

Turning to Butler's Fourteenth Amendment due process claims, the R&R observes that it is "unclear how Butler determined that his Fourteenth Amendment rights have been violated."  (R&R at 2, Dkt. No. 46.)  Whatever the claim's genesis, Judge Homer correctly determined that even taking as true all Butler's pleaded facts and all reasonable inferences drawn therefrom, Butler cannot show that his due process or equal protection rights have been violated and that he is entitled to judgment as a

5

matter of law.

In order for a prisoner to show that his procedural due process rights have been violated, he must first establish that he possessed a protected liberty interest in avoiding the hardship. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). To show a protected liberty interest, a prisoner must show that the alleged harm "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* Butler has pleaded no facts and benefits from no inferences that meet the significant hardship requirement. The absence of any viable liberty interest at stake also compels the conclusion that Hogue and Hyde are entitled to judgment as a matter of law.

The court further notes that Butler can have no substantive due process claim independent of his Eighth Amendment claims. Where there is an explicit textual source of constitutional protection relevant to a claim, that source, rather than substantive due process, governs the analysis. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 842-843 (1998). In light of Butler's incarceration, any substantive due process claim would be subsumed in the Eighth Amendment claims present in Butler's submissions.

6

Butler's Fourteenth Amendment equal protection claims fare no better than his due process claims. To establish an equal protection claim, a plaintiff must show that "he was treated differently from others similarly situated as a result of intentional or purposeful discrimination." *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005) (citation omitted). As the R&R points out, nowhere in Butler's submissions is there any evidence of how other similarly-situated inmates were treated with regard to either medical care or the regularity of the provision of meals. At best, Butler can point to one sentence in his affidavit in support of his motion for summary judgment: "plaintiff is entitled to The Equal protection Clause in which I am intentionally being treated differently." (Pl. Mot. at 3, Dkt. No. 36.) This conclusory allegation is insufficient to salvage his equal protection claim. Consequently, Butler's Fourteenth Amendment equal protection claims fail.

## B.     Eighth Amendment Claims

Butler objects to the dismissal of his Eighth Amendment claims. Disregarding those objections which present new evidence, his remaining objections are wholly without merit. Butler's submissions prior to his objections contain no allegations that he suffered any physical injury, of any magnitude, as a consequence of the deprivation of the meals. Thus,

7

y

Butler relies in error on *Hudson v. McMillian*, 503 U.S. 1 (1992).  Although *Hudson* rejects a bright-line minimum amount of force required to show excessive force, it also holds that de minimis force fails to establish a constitutional claim unless the particular use of force is "repugnant to the conscience of mankind."  *Id.* at 10 (citation and internal quotation marks omitted).  Because no physical force or injury is even alleged, no claim based upon excessive force can be sustained.  As the R&R rightly points out, "allegations of verbal harassment alone, without physical injury, are not actionable pursuant to § 1983."  (R&R at 10, Dkt. No. 46 (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1996)).)

Butler's pleadings do not support an Eighth Amendment claim for medical indifference.  To establish such a claim, "a plaintiff must prove that the defendant was deliberately indifferent to a serious medical need." *Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009) (citing *Farmer v. Brennan*, 511 U.S. 825, 834-40 (1994)).  No evidence of a serious medical need exists in the submissions under review.  The properly pleaded facts bear out, at most, a chronic sore throat for which Butler was provided medical treatment on nine separate occasions in the month that followed the provision of the contaminated meals.  (*See* Pl. Mot. at 12-16, Dkt. No.

8

Butler relies in error on *Hudson v. McMillian*, 503 U.S. 1 (1992).  Although *Hudson* rejects a bright-line minimum amount of force required to show excessive force, it also holds that de minimis force fails to establish a constitutional claim unless the particular use of force is "repugnant to the conscience of mankind."  *Id.* at 10 (citation and internal quotation marks omitted).  Because no physical force or injury is even alleged, no claim based upon excessive force can be sustained.  As the R&R rightly points out, "allegations of verbal harassment alone, without physical injury, are not actionable pursuant to § 1983."  (R&R at 10, Dkt. No. 46 (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1996)).)

Butler's pleadings do not support an Eighth Amendment claim for medical indifference.  To establish such a claim, "a plaintiff must prove that the defendant was deliberately indifferent to a serious medical need." *Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009) (citing *Farmer v. Brennan*, 511 U.S. 825, 834-40 (1994)).  No evidence of a serious medical need exists in the submissions under review.  The properly pleaded facts bear out, at most, a chronic sore throat for which Butler was provided medical treatment on nine separate occasions in the month that followed the provision of the contaminated meals.  (*See* Pl. Mot. at 12-16, Dkt. No.

36.) Even if a reasonable jury could find that Butler's sore throat met the serious medical condition requirement, the requisite mental state of deliberate indifference is clearly absent. First, a defendant must "know of and disregard[] an excessive risk" to the plaintiff's health or safety. *Farmer*, 511 U.S. at 837. There is no evidence or allegation in Butler's submissions that either defendant was aware of Butler's medical conditions. Consequently, Butler's Eighth Amendment medical indifference claim fails.

Butler also claims an Eighth Amendment violation due to unsanitary prison conditions stemming from a failure to provide nutritious food. (*See* Pl. Mot. at 3, 5, Dkt. No. 36.) Prisons are required under the Eighth Amendment to provide for the basic human needs of those incarcerated, including "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (per curium) (citation and internal quotation marks omitted). The deprivation must be sufficient to create a serious danger to the health of the inmate. *See, e.g., Beckford v. Portuondo*, 151 F. Supp. 2d 204, 213 (N.D.N.Y. 2001) (finding deprivation of two of three meals per day for eight days created an issue of material fact sufficient for Eighth

9

Amendment claim to survive summary judgment); *Moss v. Ward*, 450 F. Supp. 591, 596-597 (W.D.N.Y. 1978) (finding denial of food for four consecutive days and reduced food for three days thereafter sufficient to violate prisoner's Eighth Amendment rights). Where a particular diet is medically required, denial of a smaller number of meals may be sufficient in some circumstances. *See Abdush-Shahid v. Coughlin*, 933 F. Supp. 168, 180 (N.D.N.Y. 1996) (citing *Robles*, 725 F.2d at 15-16). However, the scope of the deprivation of food required to constitute cruel and unusual punishment is significantly greater than the deprivation present here. Deprivation of only two meals over a two-day period is insufficient to make out a constitutional claim. Therefore, the Eighth Amendment claims based on denial of sanitary food fails.

## IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David R. Homer's February 4, 2010 Order (Dkt. No. 46) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Hogue and Hyde's motion (Dkt. No. 40) is **GRANTED** in all respects and the complaint dismissed; and it is further

**ORDERED** that Bulter's motion (Dkt. No. 36) is **DENIED**; and it is

further

**ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 13, 2010
Albany, New York

_____
United States District Court Judge